UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIC SIYABULELA NDIKE,

                    Petitioner,

        -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

08-CV-1211 (CBA)

AMON, United States District Judge:

Petitioner Eric Siyabulela Ndike ("Ndike"), apparently a native of South Africa,[1] filed this motion seeking an order compelling his release from prison and for immediate removal from the United States.[2] For the reasons that follow, the motion is denied.

I.    Background

On June 14, 1999, Ndike pled guilty to Count One of a three count indictment, for conspiring to import heroin into the United States in violation of 21 U.S.C. § 963 and 960(b)(1)(A). On October 7, 1999, he was sentenced to 151 months imprisonment, a five-year term of supervised release, and a $100 special assessment. His direct appeal was denied on April 14, 2000, and a subsequent motion brought pursuant to 28 U.S.C. § 2255 was denied by

---

[1] The Presentence Report pertaining to Ndike's underlying conviction indicates that his citizenship is "West African," and Ndike's moving papers are silent as to citizenship, but the respondent notes in opposition that Ndike is South African.

[2] Though Ndike cites no procedural basis for his application, the government assumes that he moves pursuant to 28 U.S.C. § 2241. The Court declines to construe Ndike's motion as a petition for a writ of habeas corpus pursuant to section 2241 due to the collateral procedural consequences. See Simon v. United States, 359 F.3d 139, 145 (2d Cir. 2004). In any event, the procedural basis for Ndike's motion is academic, because it is without merit.

Memorandum and Order dated February 25, 2004. Ndike remains incarcerated and is currently scheduled to be released on March 12, 2010. He brings this action seeking his immediate release and removal from the United States.

II.     Discussion

Ndike cannot obtain the relief he seeks from this Court. As an initial matter, the parties do not definitively state whether or not Ndike is already the subject of a final order of deportation. If he is not, it is beyond this Court's power to issue one in this case. Congress has directed that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien," and, unless otherwise specified by statute, this "shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States." 8 U.S.C. § 1229a(a). Accordingly, subject only to limited exceptions not applicable here, "the authority to order the deportation or removal of an alien rests exclusively with the Attorney General." United States v. Tinoso, 327 F.3d 864, 866 (9th Cir. 2003); see also United States v. Olvera, 954 F.2d 788, 793-94 (2d Cir. 1992) (district court lacked the authority to issue a deportation order); United States v. Romeo, 122 F.3d 941, 943-44 (11th Cir. 1997).[3]

---

[3]Congress has allowed a federal district court to issue a removal order "if such an order has been requested by the United States Attorney with the concurrence of the Commissioner and if the Court chooses to exercise such jurisdiction." 8 U.S.C. § 1228(c)(1). Where the United States Attorney and the Commissioner have not made a request pursuant to section 1228(c)(1), a district court lacks the authority to issue a removal order. See United States v. Angel-Martinez, 988 F. Supp. 475, 480 (D.N.J. 1997). Moreover, to the extent that Ndike's petition could be read as a request to order the Attorney General to commence removal proceedings in accord with section 1229(a), rather than as a request for the Court to issue a removal order itself, this Court lacks jurisdiction over it. See 8 U.S.C. § 1252(g); Reno v. American-Arab Anti Discrimination Comm., 525 U.S. 471, 482-87 (2004).

Moreover, assuming that Ndike was already the subject of a final order of removal, his invocation of 8 U.S.C. § 1252(h)(2)(A), which has been re-codified at 8 U.S.C. § 1231(a)(4)(B), is unavailing. First, if Ndike were the subject of a final order of removal, the Court would lack jurisdiction over his action seeking to compel the Attorney General to execute it. See 8 U.S.C. § 1252(g); Duamutef v. Immigration & Naturalization Serv., 386 F.3d 172, 180-81 (2d Cir. 2004).

In any event, section 1231(a)(4)(B), by the plain meaning of its terms, does not allow this Court to order that Ndike be released and removed. That section provides that the Attorney General may remove an alien who has not completed an applicable sentence of imprisonment if he determines that the alien is confined for having committed a non-violent offense and if the removal of the alien before the end of the prison term is appropriate and in the best interest of the United States. See 8 U.S.C. § 1231(a)(4)(B). This provision "vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation." United States v. Martin-Castaneda, 134 F.3d 551, 556 (3d Cir. 1998); see also Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) (holding that deportation pursuant to former section 1252(h)(2)(A), "is a matter solely within the discretion of the Attorney General"); Gil v. United States, No. 07-CV-3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007). Accordingly, Ndike directs his request "at the wrong branch of government." Martin-Castaneda, 134 F.3d at 556. In fact, section 1231 expressly provides that a prisoner may not bring a private cause of action seeking to compel the Attorney General to exercise his discretion to deport a non-violent offender prior to the end of his imprisonment. See 8 U.S.C. § 1231(a)(4)(D); Duamutef, 386 F.3d at 182. Accordingly, the Court may neither issue a removal order nor an order compelling the Attorney General to remove Ndike prior to the end of his prison term.

## III. Conclusion

For the foregoing reasons, Ndike's motion seeking immediate release from prison and removal from the United States is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 31, 2008

/S/

Carol Bagley Amon
United States District Judge